IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CODON DEVICES, INC., DUKE UNIVERSITY, and the MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE HERON BIOTECHNOLOGY, INC.,<br><br>Defendant. | C.A. No.: 07-148-*** |

## ANSWER TO COMPLAINT

Blue Heron Biotechnology, Inc. ("BHB") for its answer to the Complaint of Codon Devices, Inc., Duke University and the Massachusetts Institute of Technology (collectively hereinafter, "Plaintiffs"), states as follows:

### NATURE OF THE ACTION

1. BHB admits that this action purports to arise under the patent laws of the United States and that Plaintiffs' Complaint purports to seek damages and injunctive relief from BHB. BHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 pertaining to the ownership in and of each patent referenced in paragraph 1 and therefore denies each and every such allegation. BHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 pertaining to any grant of rights in and to each patent referenced in paragraph 1 and therefore denies each and every such allegation. BHB denies the allegations of paragraph 1 pertaining to the subject matter in and of each patent referenced in paragraph 1. BHB denies each and every remaining allegation in paragraph 1.

## PARTIES

2. BHB admits the allegations of paragraph 2.

3. BHB admits the allegations of paragraph 3.

4. BHB admits the allegations of paragraph 4.

5. BHB admits the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. BHB admits the allegations of paragraph 6.

7. BHB admits that this Court has personal jurisdiction over BHB because BHB is a Delaware corporation. Except as so expressly admitted, BHB denies each and every allegation of paragraph 7.

8. BHB admits the allegations of paragraph 8.

## BACKGROUND

9. BHB admits that attached to the Complaint as Exhibit A is a patent that purports to be U.S. Patent No. 5,459,039 entitled "Methods for Mapping Genetic Mutations." BHB admits that Exhibit A on its face lists Paul Modrich, Shiu-San Su, Karin G. Au and Robert S. Lahue as the Inventors, Duke University as the Assignee and October 17, 1995 as the Date of Patent. BHB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies each and every remaining allegation in paragraph 9.

10. BHB admits that attached to the Complaint as Exhibit B is a patent that purports to be U.S. Patent No. 5,556,750 entitled "Methods and Kits for Fractionating a Population of DNA Molecules Based on the Presence or Absence of a Base-Pair Mismatch Utilizing Mismatch Repair Systems." BHB admits that Exhibit B on its face lists Paul L. Modrich, Shiu-San Su, Karin G. Au, Robert S. Lahue, Deani L. Cooper and Leroy Worth, Jr. as the Inventors, Duke University as the Assignee and September 17, 1996 as the Date of Patent. BHB lacks knowledge or information sufficient to form a

2

belief as to the truth of the remaining allegations of paragraph 10 and therefore denies each and every remaining allegation in paragraph 10.

11. BHB admits that attached to the Complaint as Exhibit C is a patent that purports to be U.S. Patent No. 5,679,522 entitled "Methods of Analysis and Manipulation of DNA Utilizing Mismatch Repair Systems." BHB admits that Exhibit C on its face lists Paul L. Modrich, Shiu-San Su, Karin G. Au, Robert S. Lahue, Deani Lee Cooper and Leroy Worth, Jr. as the Inventors, Duke University as the Assignee and October 21, 1997 as the Date of Patent. BHB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies each and every remaining allegation in paragraph 11.

12. BHB admits that attached to the Complaint as Exhibit D is a patent that purports to be U.S. Patent No. 5,702,894 entitled "Methods of Analysis and Manipulating of DNA Utilizing Mismatch Repair Systems." BHB admits that Exhibit D on its face lists Paul L. Modrich, Shiu-San Su, Karin G. Au, Robert S. Lahue, Deani Lee Cooper and Leroy Worth, Jr. as the Inventors, Duke University as the Assignee and December 30, 1997 as the Date of Patent. BHB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and therefore denies each and every remaining allegation in paragraph 12.

13. BHB admits that attached to the Complaint as Exhibit E is a patent that purports to be U.S. Patent No. 5,750,335 entitled "Screening for Genetic Variation." BHB admits that Exhibit E on its face lists David K. Gifford as the Inventor, the Massachusetts Institute of Technology as the Assignee and May 12, 1998 as the Date of Patent. BHB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies each and every remaining allegation in paragraph 13.

14. BHB admits that it uses a gene synthesis platform known as GeneMaker® and provides related services. BHB lacks an understanding of Plaintiffs' use of the term "manufactures" in paragraph 14 and therefore denies that it "manufactures a gene synthesis platform called GeneMaker." BHB admits that the GeneMaker® platform, and the methods performed by the GeneMaker® platform, may be used to synthesize oligonucleotides, hybridize oligonucleotides into duplexes, and assemble genes from the duplexes. BHB denies each and every remaining allegation of paragraph 14.

15. BHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 pertaining to any grant of rights in and to each patent referenced in paragraph 15 and therefore denies each and every such allegation. BHB denies each and every remaining allegation in paragraph 15.

16. BHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 pertaining to any grant of rights in and to each patent referenced in paragraph 16 and therefore denies each and every such allegation. BHB denies each and every remaining allegation in paragraph 16.

## FIRST CLAIM

17. BHB denies each and every allegation in paragraph 17.
18. BHB denies each and every allegation in paragraph 18.
19. BHB denies each and every allegation in paragraph 19.

## SECOND CLAIM

20. BHB denies each and every allegation in paragraph 20.
21. BHB denies each and every allegation in paragraph 21.
22. BHB denies each and every allegation in paragraph 22.

## THIRD CLAIM

23. BHB denies each and every allegation in paragraph 23.
24. BHB denies each and every allegation in paragraph 24.

25. BHB denies each and every allegation in paragraph 25.

## FOURTH CLAIM

26. BHB denies each and every allegation in paragraph 26.
27. BHB denies each and every allegation in paragraph 27.
28. BHB denies each and every allegation in paragraph 28.

## FIFTH CLAIM

29. BHB denies each and every allegation in paragraph 29.
30. BHB denies each and every allegation in paragraph 30.
31. BHB denies each and every allegation in paragraph 31.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

If any claim in U.S. Patent Nos. 5,459,039; 5,556,750; 5,679,522; 5,702,894; or 5,750,335 is construed to cover BHB's use of the GeneMaker® platform, then each such claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

BHB reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## PRAYER

WHEREFORE, BHB prays for judgment as follows:

(a) That Plaintiffs' Complaint against BHB be dismissed, with prejudice;

(b) That Plaintiffs take nothing by reason of the Complaint herein;

(c) That judgment be entered in favor of BHB;

(d) That BHB recover its attorneys' fees, costs and expenses in connection with this action to the extent permitted by law; and

(e) That this Court grant such other and further relief as it may deem just and proper.


OF COUNSEL:

Alexander Brainerd
M. Patricia Thayer
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 772-6000

Kalai Lau
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Tel: (206) 447-0900

Nishita Doshi
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Tel: (650) 324-7000

Dated: May 3, 2007
792548 / 31389

POTTER ANDERSON & CORROON LLP

By:  /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Blue Heron Biotechnology, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 3, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

I hereby certify that on May 3, 2007, I have Electronically Mailed the documents to the following:

Kalai Lau
Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
kalai.lau@hellerehrman.com

Ed R. Reines
Nicholas A. Brown
Rip J. Finst
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com
nicholas.brown@weil.com
rip.finst@weil.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

792583 / 31389