IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CODON DEVICES, INC., DUKE UNIVERSITY, and the MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE HERON BIOTECHNOLOGY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)  C.A. No. 07-148-***<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

This $\underline{6}$ day of June, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on June 4, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.    Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before June 20, 2007. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before January 4, 2008.

3.    Discovery.

a.    Limitation on Fact Deposition Discovery. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. For three inventor depositions, the presumptive limit for fact depositions shall be increased from 7 hours to 12 hours. Insofar as defendant's witnesses are similarly significant to this matter, the parties shall meet and confer regarding the increase of their deposition time from 7 to 12 hours. If no agreement is reached, the Court will address the issue as necessary.

b.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before April 4, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.    Disclosure of Expert Testimony. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 9, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 6, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts'

2

availability for deposition. All expert discovery in this case shall be completed on or before July 11, 2008.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.    Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

3

Any proposed order should include the following paragraph:

> Other Proceedings.    By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly
> confidential," which may be provided for in the protective order]
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

5.     Papers Filed Under Seal.  When filing papers under seal, counsel should deliver to

the Clerk an original and one copy of the papers.

6.     ADR Process.  To be discussed during the October 15, 2007 status conference.

7.     Interim Status Report.  On October 8, 2007, counsel shall submit a letter to the

Court with an interim report on the nature of the matters in issue and the progress of discovery to

date.

8.     Status Conference.  On October 15, 2007, the Court will hold a Rule 16(a), (b)

and (c) conference by telephone with counsel beginning at 4:00 p.m.  Plaintiffs' counsel shall

initiate the telephone call.  At the time of this conference, counsel shall also be prepared to

discuss the progress, if any, of settlement discussions and shall be prepared to discuss the

possibility of setting up a settlement conference with the Court, counsel and their clients.  If all

parties agree that there is nothing to report, nor anything to add to the interim status report or to

this order, they shall notify the Court in writing before the conference is scheduled to occur, and

the conference will be taken off the Court's calendar.

9.     Tutorial Describing the Technology and Matters in Issue.   The parties shall

provide the Court with a tutorial on the technology at issue on a date to be discussed during the

October 15, 2007 status conference. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions.

10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before September 19, 2008. Briefing will be presented pursuant to the Court's Local Rules.

11.    Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 5, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction. Issues of claim construction in the form of the parties Joint Claim Construction Chart and supporting documents set forth in paragraph 11 shall be submitted to the Court no later than September 19, 2008. The parties shall serve and file opening claim construction briefs on September 19, 2008 and answering briefs on October 3, 2008.

13.    The Court will hear evidence and argument on claim construction and summary judgment on November 7, 2008, at a time to be discussed during the October 15, 2007 status conference. *The date of the claim construction and oral arguments hearing will also be discussed during status conference.*

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference. On March 6, 2009, the Court will hold a Final Pretrial Conference in Chambers with counsel at a time to be discussed during the October 15, 2007 status conference. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 23, 2009. *Timing of the Pretrial Conference will be discussed during the October 15, 2007 status conference.*

16.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

6

17.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    Trial. This matter is scheduled for a jury trial beginning at 9:30 a.m. on April 6, 2009 with the remaining trial days beginning at 9:00 a.m.. The duration of the trial will be *and length of trial* discussed during the October 15, 2007 status conference. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 30 hours to present their case.

UNITED STATES MAGISTRATE JUDGE

7